UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOBBY EADES** | *CIVIL NO. 6:15-2654 |
| **VERSUS** | *JUDGE HICKS |
| **W&T OFFSHORE, INC.** | *MAGISTRATE JUDGE HANNA |

## ORDER

Federal courts are courts of limited jurisdiction[1] and are obligated to examine the basis for the exercise of federal subject-matter jurisdiction.[2]  A lack of subject-matter jurisdiction may be raised at any time, and a court may raise the issue *sua sponte*.[3]  The burden of establishing jurisdiction rests on the party invoking the federal forum.[4]  In this case, the plaintiff must bear that burden.  The Court has reviewed the plaintiff's complaint and finds that no basis for the exercise of this Court's jurisdiction has been alleged.

To the extent that plaintiff intends to proceed under this Court's diversity jurisdiction under 28 U.S.C. § 1332, which is jurisdiction based upon the parties being diverse in citizenship and the amount in controversy exceeding $75,000, citizenship must be

---

[1]  *Howery v. Allstate Ins. Co*., 243 F.3d 912, 916 (5th Cir. 2001).

[2]  *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999).

[3]  *Giles v. Nylcare Health Plans, Inc*., 172 F.3d 332, 336 (5th Cir. 1999).

[4]  *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir.1998).

distinctly and affirmatively alleged.[5] Under 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it is incorporated and any state where it has its principal place of business. Therefore, a party invoking diversity jurisdiction must allege both the state of incorporation and the principal place of business of each corporate party.[6] In this case, however, no such allegations have been made with regard to W&T Offshore, Inc.

To the extent that plaintiff intends to proceed under this Court's federal question jurisdiction 28 U.S.C. § 1331, or the Outer Continental Shelf Lands Act 43 U.S.C. § 1349, the basis for that jurisdiction must be affirmatively alleged.

Accordingly,

**IT IS ORDERED** that, not later than **twenty-one days** after the date of this order, **the plaintiff shall** file a memorandum setting forth the basis for the exercise of this Court's jurisdiction. In the event the plaintiff relies on this Court's diversity jurisdiction, specific facts that support a finding that the parties are diverse in citizenship should be stated, and more specifically, W&T Offshore, Inc.'s state of incorporation and its principal place of business, must be stated. These facts should be supported with summary-judgment-type

---

[5] *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

[6] *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983).

evidence. The defendants will be allowed seven days to respond to the plaintiff's submission.

Signed at Lafayette, Louisiana on January 29, 2015.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**